COFFMAN *v.* FEDERAL LABORATORIES, INC. ET AL.

No. 485.   Argued December 7, 1944.—Decided January 2, 1945.

*Messrs. James D. Carpenter, Jr.* and *John G. Buchanan,* with whom *Mr. William H. Eckert* was on the brief, for appellant.

*Assistant Attorney General Shea,* with whom *Solicitor General Fahy* and *Messrs. Paul A. Freund* and *Jerome H. Simonds* were on the brief, for the United States, appellee.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Coffman* v. *Breeze Corporations, ante,* p. 316.

Like that case the present suit was brought by appellant against Federal Laboratories, Inc. and Breeze Corporations, Inc. to secure among other things an adjudication of the constitutional validity of the Royalty Adjustment Act of Congress of October 31, 1942, 56 Stat. 1013, 35 U. S. C. Supp. III, §§ 89–96. It sought also to enjoin defendants from paying over to the Treasury of the United States royalties alleged to be due upon the license agreements involved in the Breeze suit, as required by the notices and orders of the War and Navy Departments served upon appellant and the defendants pursuant to the Act.

In addition, the bill of complaint alleges that the defendants owe royalties to appellant under the license agreements, for which it prays an accounting. By way of anticipation of the defense that the Royalty Adjustment Act and the notices and orders of the War and Navy Departments require appellee to pay the royalties into the Treasury, appellant sets up the unconstitutionality of the Act.

A district court of three judges was convened to hear the cause as required by the Act of August 24, 1937, 50 Stat. 752, 28 U. S. C. § 380 (a), and the United States was allowed to intervene as a party in accordance with § 1 of the Act. 50 Stat. 751, 28 U. S. C. § 401. The District Court, on motion of the Government, dismissed so much of the bill of complaint as sought an adjudication of the constitutional validity of the Royalty Adjustment Act and of the notice and orders issued under it. It struck from the bill of complaint the anticipatory allegations that the Royalty Adjustment Act and the orders with respect to the royalties owing appellant are unconstitutional and void, and it struck the prayer of the bill for an injunction.

For the reasons stated in our opinion in the *Breeze* case we hold that appellant has shown no ground for equitable relief by way of injunction. The allegations of unconstitutionality of the Royalty Adjustment Act and the orders were pleaded only as supporting the prayer for an

injunction and were therefore properly stricken with that prayer. The allegations are not essential to or a proper part of the cause of action for an accounting and recovery of the royalties alleged to be due.

Since the allegations were stricken, appellee Federal has answered setting up as a separate defense the royalty adjustment orders prohibiting payment of the royalties to appellant. Upon that issue appellant will be free to contest the constitutional validity of the orders. The judgment below is accordingly

*Affirmed.*